**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN COLIN-COSS, AKA Juan Coss, AKA Colin Hernandez, AKA Juan Hernandez-Guerrero, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-71190 <br><br> Agency No. A074-579-496 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Juan Colin-Coss, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

protection"), and cancellation of removal for certain nonpermanent residents. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

Colin-Coss does not raise any argument challenging the agency's dispositive determinations that he was statutorily ineligible for asylum because his asylum application was untimely, that he failed to establish a protected ground was or will be a reason for the harm he experienced or fears, that he failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico, and that he did not qualify for cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). Thus, Colin-Coss's asylum, withholding of removal, CAT, and cancellation of removal claims fail.

We lack jurisdiction to consider Colin-Coss's contentions as to a previously approved visa and his mental health status because he failed to raise those issues before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."); *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]e may not entertain due process claims based on correctable procedural

2                                                                      18-71190

errors unless the alien raised them below."). To the extent Colin-Coss contends the BIA failed to properly consider the record in its analysis of his claims, the record does not support Colin-Coss's contention. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**